UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRANDEEP K., | Case No.  1:26-cv-00156-TLN-CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al., | |
| Respondents. | |

Petitioner Kirandeep K., a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that her re-detention without a hearing and her continued detention violates her due process rights under the Fifth Amendment. (Id. (claims one and two).) Petitioner also brings a claim for unlawful arrest under the Fourth Amendment. (Id. (claim three).) For the following reasons, this Court recommends that the petition be granted.

## I.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality

1

of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**II.     DISCUSSION[1]**

On January 9, 2026, petitioner filed her habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 12, 2026, the district court granted the motion for a temporary restraining order. (ECF No. 6.) In addition to granting petitioner's immediate release, the district court ordered respondents not to impose any additional restrictions on petitioner, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing. (ECF No. 6 at 6.) The district court further enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where: (a) respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk,. (Id.) At any such hearing, petitioner shall be allowed to have her counsel present. (Id.) The district court also directed respondents to show cause why a preliminary injunction should not issue on the same terms. (Id.) On January 14, 2026, respondents filed an opposition to the district court's order granting the temporary restraining order and opposing a preliminary injunction. (ECF No. 8.) In the opposition, respondents argued that the detention authority in this case is lawful but otherwise offered no additional argument. (Id. at 1.) On January 22, 2026, the district court granted a preliminary injunction, incorporating its reasoning from its January 12,

---

[1]   The factual and procedural background previously presented in the district judge's January 12, 2026 order is incorporated herein. (See ECF No. 6.)

2026 order granting a temporary restraining order.  (ECF No. 10.)  The district court granted a preliminary injunction, enjoining and restraining respondents from imposing additional restrictions on petitioner's terms of release, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  (ECF No. 10 at 2.)  In addition, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) petitioner poses a danger to the community or a flight risk.  (Id.)  Petitioner shall be allowed to have her counsel present at the hearing.  (Id.)  The district court referred this action to the assigned Magistrate Judge for all further proceedings.  (Id.)

On March 5, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no further briefing is needed on the merits of the underlying petition, and submitted on their existing filings.  (ECF No. 14.)  Briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining her and continuing to detain her without a hearing (claim two).  See Rico-Tapia v. Smith, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025) (noting "[e]ven where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause"); Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest); Manzanarez v. Bondi, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025).  Because the resolution of the procedural due process claim (claim two) provides the relief requested, the Court need not reach the first and third claims.  This Court

3

further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified. Petitioner shall be allowed to have her counsel present at any such hearing.

## III.    CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified.  Petitioner shall be allowed to have her counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 16, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, kira.0156.26.fr-merits